IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTONIO BYRD**                                                                              **PLAINTIFF**

**vs.**                                                                 **CAUSE NO. 3:09-CV-548-CWR-FKB**

**MISSSISSIPPI DEPARTMENT
OF CORRENTIONS, ET AL.**                                                           **DEFENDANTS**

## ORDER

On August 28, 2012, this court granted Plaintiff Antonio Byrd's motion seeking *in forma pauperis* status before the Court of Appeals. *See* Docket No. 33. Currently before the court is Plaintiff's motion filed on March 18, 2014, requesting the court to transcribe the trial proceedings for appellate review. Docket No. 35. The motion is denied.

28 U.S.C. §753(f) provides, in part, that "fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal. *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985)). In *Harvey*, the district court granted the appellant *in forma pauperis* status but did not order a free transcript for the appeal. In affirming the district court on appeal, the Fifth Circuit Court of Appeals stated that "[the appellant] . . . demonstrated no particular need for a transcript nor has he raised a substantial question. . . . Moreover, in his briefs before this court,

1

he has failed to bring to our attention any facts that might require close examination of the trial transcript." *Id*. at 571 (citations omitted).

Plaintiff Byrd has already received various documents filed in this action, or had access to documents that he filed; he was also present for both telephonic hearings. Nevertheless, like the appellant in Harvey, Plaintiff has requested transcription of the trial record, yet has failed to demonstrate how the transcript is necessary to effectively litigate his appeal; did not raise a substantial question; and, has not provided the court with any facts for which a close examination of the trial transcript is warranted.

For these reasons, Plaintiff's motion is DENIED.

**SO ORDERED**, this the 14th day of July, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE